1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DAVID WAISBEIN, individually, and on        No. C-07-02328 MMC
     behalf of other members of the general
11   public similarly situated,
                                                 **ORDER GRANTING IN PART AND**
12                  Plaintiff,                    **DENYING IN PART DEFENDANT'S**
                                                 **MOTION TO DISMISS OR IN THE**
13        v.                                      **ALTERNATIVE TO STRIKE CLASS OR**
                                                 **REPRESENTATIVE ALLEGATIONS**
14   UBS FINANCIAL SERVICES INC.,                **FROM PLAINTIFF'S FIRST AMENDED**
                                                 **COMPLAINT; VACATING HEARING**
15                  Defendant.
                                          /      (Docket No. 11)
16
17
18        Before the Court is the motion filed April 2, 2007 by defendant UBS Financial

19   Services Inc. ("UBS") to dismiss plaintiff David Waisbein's ("Waisbein") First Amended

20   Complaint ("FAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in

21   the alternative, to strike the class or representative allegations from the complaint, pursuant

22   to Rule 12(f).[1]  Waisbein has filed opposition to the motion.  To date, no reply has been

23   filed.  Having considered the papers filed in support of and in opposition to the motion, the

24   Court finds the matter appropriate for resolution without oral argument, see Civil. L.R. 7-

25   1(b), hereby VACATES the August 17, 2007 hearing, and rules as follows.

26
27
28        ───────────────
              [1] The instant motion was filed in the Central District of California and was renoticed
          before the undersigned after the above-titled action was transferred to this District.

United States District Court

For the Northern District of California

**BACKGROUND**

On November 22, 2006, the Court granted final approval to a class action settlement in Bowman v. UBS Fin. Servs., Inc., No. C-04-03525.  (See Request for Judicial Notice ("RJN") Ex. A (Order Granting Plaintiffs' and Defendant's Motions for Final Approval of Settlement and Awarding Attorney's Fees, Litigation Expenses, and Enhancement Payments ("Bowman Order"), filed Nov. 22, 2006).)  The Bowman plaintiffs had alleged that UBS misclassified its Financial Advisors and Trainees ("Financial Advisors") as exempt from federal and state overtime laws, and, consequently, did not compensate Financial Advisors for the overtime hours they had worked or provide them with required meal periods.  (See RJN Ex. B (Bowman Second Amended Complaint ("Bowman Complaint")) at 5-10.)  Additionally, the Bowman plaintiffs alleged that UBS made unlawful deductions from plaintiffs' wages, failed to reimburse plaintiffs' incurred business expenses, and failed to promptly pay wages due after termination of employment.  (See id.)  The Bowman plaintiffs asserted such claims under the federal Fair Labor Standards Act (29 U.S.C. § 207), as well as California Labor Code §§ 201, 202, 221, 224, 226.7, 300, 400-410, 1194, and 2802, and §§ 17200 and 17203 of the California Business and Professions Code.  Pursuant to the class settlement, UBS agreed to pay up to $44 million to the Bowman class members and their counsel; in exchange, the Bowman class released certain claims against UBS, including, but not limited to, claims under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), codified at §§ 2698 et seq. of the California Labor Code, and § 17200 of the California Business and Professions Code.  (See Bowman Order, Ex. A at 7-9, 12-15.)[2]

---

[2] The release in the Bowman settlement provides, in relevant part: "Released Claims by Class Members.  The Class Members . . . hereby fully release and discharge UBS . . . from any and all wage-and-hour claims . . . including without limitation statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for failure to pay any type of overtime wages; any and all claims for the failure to provide meal and/or rest periods; and/or any and all claims stemming from or based on the alleged misclassification of employees as exempt employees . . . (b) any and all claims alleging the improper assessment of costs, fines, penalties, chargebacks or settlements on employees, including without limitation claims for improper trading error deductions . . . (c) any and all claims for failure to reimburse, indemnify, or cover or pay for business costs,

On January 10, 2007, Waisbein, a former UBS Financial Advisor who opted out of the <u>Bowman</u> class action, filed the instant action against UBS.  In the FAC, Waisbein asserts against UBS a cause of action on his own behalf for violation of the Fair Labor Standards Act, based on the allegation that UBS failed to pay Waisbein overtime compensation.  (<u>See</u> FAC ¶¶ 26-32.)   Additionally, Waisbein asserts causes of action under PAGA for violations of §§ 201, 202, 221, 226(a), 226.7(a), 400-410, 510, 1194, and 2802 of the California Labor Code, and a separate cause of action for violation of § 17200, et seq., of the California Business and Professions Code, all of which causes of action are asserted on his own behalf and on behalf of "other aggrieved employees."  (<u>See</u> <u>id.</u> ¶¶ 12-15, 33-86.)  The above-referenced state law causes of action are based on the allegations that UBS failed to pay overtime compensation, failed to provide employees with accurate pay stubs, failed to provide required meal and rest periods, made unlawful deductions from wages and failed to reimburse incurred business expenses, and failed to promptly pay wages due after termination of employment.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>See</u> <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>See</u> Fed. R. Civ. P. 8(a)(2).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007).  Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

. . . includ[ing] claims meeting the above definition under any and all applicable statutes, including without limitation . . . California Labor Code §§ 200 through 243[,] . . . § 400 et seq.[,] . . . § 500 et seq.[,] . . . § 1194[,] . . . § 2802[,] . . . and in particular, California Bus. & Prof Code § 17200 et seq., [and] the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code § § 2698 through 2699[.]"  <u>See</u> <u>Bowman</u> Order, Ex. A ¶ 45 at 12-13.

1    not do." See id. at 1965. "Factual allegations must be enough to raise a right to relief
2    above the speculative level[.]" Id.

3         Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any
4    material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co.,
5    Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part
6    of the complaint, however, may be considered. See id. Documents whose contents are
7    alleged in the complaint, and whose authenticity no party questions, but which are not
8    physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14
9    F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the
10   authenticity of which is not contested, and upon which the plaintiff's complaint necessarily
11   relies," regardless of whether the document is referred to in the complaint. See Parrino v.
12   FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that
13   are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d
14   1279, 1282 (9th Cir. 1986).

15        In analyzing a motion to dismiss, the Court must accept as true all material
16   allegations in the complaint, and construe them in the light most favorable to the
17   nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
18   The Court may disregard factual allegations if such allegations are contradicted by the facts
19   established by reference to exhibits attached to the complaint. See Durning v. First Boston
20   Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Conclusory allegations, unsupported by the
21   facts alleged, need not be accepted as true. See Holden v. Hagopian, 978 F.2d 1115,
22   1121 (9th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched
23   as a factual allegation." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1965 (internal
24   quotation and citation omitted).

**DISCUSSION**

26        UBS argues that Waisbein's PAGA and § 17200 claims are subject to dismissal
27   under the doctrine of res judicata to the extent they are asserted on behalf of the Bowman
28   class members, because the Bowman class members released those claims in a

4

1   settlement agreement approved by this Court.

2          "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final

3   judgment on the merits, and (3) privity between parties."  Stratosphere Litig. L.L.C. v.

4   Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citation omitted).  "Identity of

5   claims exists when two suits arise from the same transactional nucleus of facts."  Id.

6   (internal quotation and citation omitted).  "Privity between parties exists when a party is so

7   identified in interest with a party to former litigation that he represents precisely the same

8   right in respect to the subject matter involved."  Id.  "Res judicata bars relitigation of all

9   grounds of recovery that were asserted, or could have been asserted, in a previous action

10  between the parties, where the previous action was resolved on the merits.  It is immaterial

11  whether the claims asserted subsequent to the judgment were actually pursued in the

12  action that led to the judgment; rather, the relevant inquiry is whether they could have been

13  brought."  U.S. ex rel. Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998)

14  (citations omitted).

15         UBS asserts that res judicata bars Waisbein from bringing PAGA and § 17200

16  claims on behalf of the Bowman class members because (1) the claims in the Bowman

17  action and the instant action are based on the same "transactional nucleus of facts" and all

18  claims asserted in the instant action on behalf of the Bowman class members either were

19  asserted or could have been asserted in the Bowman action; (2) the court-approved

20  settlement of the Bowman claims is a final judgment on the merits, and (3) privity exists

21  because Waisbein is seeking to bring claims on behalf of the same parties who settled

22  those claims in the Bowman action.

23         **A. PAGA Claims**

24         With respect to the PAGA claims, UBS argues that Waisbein is seeking to relitigate

25  the same issues that were brought, or could have been brought in the Bowman action, and,

26  consequently, res judicata bars Waisbein from asserting such claims on behalf of the

27  Bowman class members.

28         Under PAGA, "any provision of [the California Labor Code] that provides for a civil

penalty to be assessed and collected by the Labor and Workforce Development

Agency . . . for a violation of [the California Labor Code], may, as an alternative, be

recovered through a civil action brought by an aggrieved employee on behalf of himself or

herself and other current or former employees pursuant to the procedures specified in

Section 2699.3." See Cal. Labor Code § 2699(a).  California Labor Code § 2699.3 requires

that an aggrieved employee must first "give written notice by certified mail to the Labor and

Workforce Development Agency and the employer of the specific provisions of [the

California Labor Code] alleged to have been violated," before commencing a civil action.

Thereafter, the agency may investigate the alleged violations on its own, or in the

alternative, notify the aggrieved employee that it does not intend to pursue the claim, giving

the employee the authority to seek penalties on behalf of both the agency and the

aggrieved employees.  See Cal. Labor Code § 2699.3(a)(2).  "[C]ivil penalties recovered by

aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce

Development Agency . . . and 25 percent to the aggrieved employees."  Cal. Labor Code §

2699(i).

> "The [California] Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a private attorney general to collect penalties from employers who violate labor laws." Arias v. Superior Court, 2007 WL 2111017 at *6 (Cal. Ct. App. July 24, 2007).  "Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct."  See id.  "PAGA was adopted to empower aggrieved employees to act as private attorneys general and to authorize them to seek civil penalties for Labor Code violations that previously could be assessed only by state agencies."  Id. at *5.  The "uncodified portion of the act" provides that PAGA was enacted because the Legislature found that "'[s]taffing levels for state labor law enforcement agencies ha[d], in general, declined'" and, consequently, that it was "'in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved parties acting as private attorneys general[.]'"  See id. (quoting Stats. 2003, ch.

1    906, § 1).  Given the above-referenced legislative history, and because any penalties

2    awarded are divided among the state and the aggrieved employees, see Cal. Labor Code §

3    2699(i), the Court finds that PAGA actions are brought on behalf of both the injured parties

4    and the state.

5         In Bowman, although the complaint asserted no claim under PAGA, the class

6    members alleged that UBS violated the California Labor Code because it misclassified

7    Financial Advisors as exempt, impermissibly took deductions from their wages, and failed

8    to reimburse them for business expenses.  (See Bowman Complaint at 5-10.)  Here,

9    Waisbein seeks civil penalties under PAGA for the same violations of the California Labor

10   Code, and, additionally, seeks civil penalties under PAGA for violation of California Labor

11   Code paystub and record keeping requirements, codified at § 226(a).  (See FAC at 5-15.)[3]

12   Waisbein argues that because the Bowman class action did not bring such claims under

13   PAGA, complete identity of claims does not exist, and, consequently, UBS has not shown

14   that res judicata bars the instant action.  UBS argues, however, that although claims were

15   not initially brought under PAGA in the Bowman class action, they arise from the same

16   transactional nucleus of facts and could have been brought under PAGA, and therefore are

17   barred from relitigation.

18        "Newly articulated claims based on the same nucleus of facts may still be subject to

19   a res judicata finding if the claims could have been brought in the earlier action."  Tahoe

20   Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir.

21   2003) (citations omitted).  Here, Waisbein's claims are based on the same underlying facts

22   as the allegations in the Bowman class action, namely, that UBS misclassified Financial

23   Advisors as exempt and improperly calculated their compensation.  Additionally, the

24   Bowman class members could have brought claims, both under PAGA and § 226(a), at the

25   time the Bowman complaint initially was filed.  Consequently, UBS has shown the claims in

26

27        [3] Waisbein also brings a claim under the Fair Labor Standards Act; UBS does not

28   challenge that cause of action, however, because, as alleged, such claim is limited to
     Waisbein and is not brought on behalf of the Bowman class members.  (See FAC at 5-6.)

1  Bowman and the instant action are sufficiently identical for purposes of the first element of

2  the res judicata analysis.

3       With respect to the second element, for Waisbein to be precluded from asserting the

4  instant claims on behalf of the Bowman class members, there must have been a final

5  judgment on the merits of the claims in the Bowman action.  See Stratosphere Litig. L.L.C.,

6  298 F.3d at 1143 n.3.  UBS argues, and Waisbein does not dispute, that a court-approved

7  settlement is a final judgment on the merits.  See Reyn's Pasta Bella, L.L.C. v. Visa USA,

8  Inc., 442 F.3d 741, 746-747 (9th Cir. 2006) (citation omitted) (finding court's approval of

9  settlement agreement constituted a final judgment on the merits).  Accordingly, because

10  the Bowman action terminated in a court-approved settlement, UBS has met its burden of

11  satisfying the second element of res judicata.

12       Finally, for a claim to be barred under res judicata, privity must exist between the

13  parties in both actions.  See Stratosphere Litig. L.L.C., 298 F.3d at 1143 n.3.  As noted,

14  "[p]rivity between parties exists when a party is 'so identified with a party to former litigation

15  that he represents precisely the same right in respect to the subject matter involved.'" See

16  id. (citation omitted).  UBS asserts that to the extent Waisbein seeks to bring his PAGA

17  claim on behalf of the Bowman class members, the claims in both Bowman and the instant

18  action are alleged on behalf of the same individuals.  As Waisbein argues, however, the

19  claims in Bowman and in the instant action are being brought on behalf of different parties

20  to the extent Waisbein is seeking penalties on behalf of the state.  In Bowman, the class

21  claims sought restitution, damages, and waiting time penalties solely on behalf of the

22  aggrieved Financial Advisors who had been employed by UBS; there was no claim

23  asserted on behalf of the state and no claim seeking penalties to be paid to the state.  By

24  contrast, in the current action Waisbein seeks civil penalties under PAGA on behalf of the

25  state of California, as well as on behalf of "all aggrieved employees," including the Bowman

26  class members.

27       There is no evidence before the Court that the Bowman class notified the state,

28  pursuant to § 2699.3, of its intent to settle PAGA claims, that the Bowman class otherwise

1   obtained authority to release PAGA claims on behalf of the state, or that any of the

2   settlement proceeds were paid to the state.  UBS argues that the requirements of § 2699.3

3   were added to PAGA by amendment on August 11, 2004, after the Bowman action was

4   filed on June 30, 2004, and consequently, the class members were not required to fulfill

5   those requirements in order to have the authority to release PAGA claims on the state's

6   behalf.  The Bowman complaint, however, did not allege any claims or seek penalties

7   under PAGA.  The first mention of PAGA claims in the Bowman litigation was in the class

8   action settlement agreement, (See Bowman Order, Ex. A at 12-13), which was approved by

9   this Court on November 11, 2006, two years after § 2699.3 was added to PAGA by

10  amendment.  Because the Bowman class did not satisfy the prerequisites under PAGA to

11  act on behalf of the state, they did not have the authority to release the state's right to bring

12  future claims under PAGA.  The only rights under PAGA that the Bowman class members

13  did release, or had the authority to release, were their individual procedural rights to bring

14  PAGA claims as private attorneys general for the state and their right to collect their

15  individual portions of any penalties awarded under PAGA.

16      Consequently, there is no privity between Waisbein, to the extent he seeks PAGA

17  penalties on behalf of the state, and the Bowman class members, who asserted and settled

18  the Bowman action solely on their own behalf.  There is privity, however, between Waisbein

19  and the Bowman class members to the extent he is seeking PAGA penalties to be paid to

20  the Bowman class members, because Waisbein is seeking to represent the same interests

21  that previously were litigated and settled in the Bowman action.

22      Accordingly, Waisbein is not barred from bringing claims under PAGA to the extent

23  he seeks penalties to be awarded to the state, even where such penalties are based on

24  violations of the rights of the Bowman class members.[4]   Waisbein is barred, however, from

25  seeking a monetary award under PAGA on behalf of the Bowman class.

26      **B. California Business and Professions Code § 17200, et seq.**

27  _____

28      [4] There is no contention that Waisbein is barred from pursuing PAGA claims on his
    own behalf and on behalf of anyone else who was not a member of the Bowman class.

1    In contrast to Waisbein's PAGA claims, his claim under § 17200 of the California

2  Business and Professions Code does not seek relief on behalf of the state.  Rather,

3  Waisbein seeks only "restitution of the wages withheld, deducted and/or retained by

4  Defendants, and, losses and/or expenses unreimbursed or charged by Defendants" on

5  behalf of himself and other "aggrieved employees."  (See FAC ¶¶ 84, 85.)  There is no

6  requirement that a plaintiff notify the state before bringing a claim for violation of § 17200.

7  See Cal. Bus. & Prof. Code § 17204 (providing § 17200 claim may be brought by "by any

8  person who has suffered injury in fact and has lost money or property as a result of such

9  unfair competition").

10    Res judicata bars Waisbein from bringing a claim under § 17200 on behalf of the

11  Bowman class members.  First, the § 17200 claims in the Bowman action and in the instant

12  action are identical.[5]  Second, because the Bowman class entered into a court-approved

13  settlement agreement, (see Bowman Order, Ex. A), there was a final judgment on the

14  merits of the Bowman class members' § 17200 claims.  Finally, to the extent Waisbein is

15  seeking relief under § 17200 on behalf of the Bowman class members, there is privity with

16  the Bowman class members.

17    Accordingly, res judicata bars Waisbein's representative claims on behalf of the

18  Bowman class under California Business and Professions Code § 17200, et seq.

19                              **CONCLUSION**

20    For the reasons set forth above, UBS's motion to dismiss and to strike is hereby

21  GRANTED in part and DENIED in part, as follows:

22    1. To the extent Waisbein seeks penalties under PAGA to be awarded to the state

23  for violations of the rights of Bowman class members, the motion is DENIED;

24    2. To the extent Waisbein seeks penalties or other monetary award under PAGA on

25  behalf of the Bowman class members, the motion is GRANTED;

26    3. To the extent Waisbein asserts a claim under § 17200 of the California Business

27  _____

28    [5] The § 17200 claims in both the Bowman action and the instant action are based
entirely on violations of the aforementioned sections of the California Labor Code.

10

1    and Professions Code on behalf of the Bowman class members, the motion is GRANTED.

2        **IT IS SO ORDERED.**

3    Dated: August 15, 2007

                                        MAXINE M. CHESNEY
                                        United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11