United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   DAVID WAISBEIN,                         No. C-07-2328 MMC
12              Plaintiff,                    **ORDER GRANTING DEFENDANT'S
                                             MOTION FOR RECONSIDERATION;**
13     v.                                    **VACATING ORDER OF AUGUST 15,
                                             2007; GRANTING DEFENDANT'S**
14                                           **MOTION TO DISMISS OR,**
     UBS FINANCIAL SERVICES INC.,            **ALTERNATIVELY, TO STRIKE CLASS**
15                                           **OR REPRESENTATIVE ALLEGATIONS;**
                Defendant                    **VACATING HEARING**
16   _____/
17

18          Before the Court is defendant UBS Financial Services Inc.'s ("UBS") motion for

19   reconsideration of the Court's order of August 15, 2007, by which order the Court granted

20   in part and denied in part defendant's motion to dismiss or, alternatively, strike class or

21   representative allegations in plaintiff David Waisbein's ("Waisbein") First Amended

22   Complaint ("FAC").  On September 7, 2007, the matter came before the Court for hearing.

23   Joseph Cho of Initiative Legal Group LLP appeared on behalf of Waisbein.  M. Kirby C.

24   Wilcox and Molly Harcos of Paul, Hastings, Janofsky & Walker LLP appeared on behalf of

25   UBS.  After the hearing, the parties, at the Court's direction, filed subsequent briefing with

26   respect to the motion to dismiss or strike.

27          Having considered the parties' submissions and the arguments of counsel, the Court

28   hereby GRANTS the motion for reconsideration, VACATES the order filed August 15, 2007,

1   and, as to UBS's motion to dismiss or strike, rules as follows.[1]

2                                   **BACKGROUND**

3       On November 22, 2006, the Court granted final approval to a class action settlement

4   in Bowman v. UBS Fin. Servs., Inc., No. C-04-03525.  (See Def.'s Request for Judicial

5   Notice ("RJN") Ex. A.)  The Bowman plaintiffs had alleged UBS misclassified its Financial

6   Advisors and Trainees ("Financial Advisors") as exempt from federal and state overtime

7   laws, and, as a result, did not compensate Financial Advisors for overtime hours worked or

8   provide them with required meal periods.  (See id. Ex. B ¶¶ 13-31, 46.)  Additionally, the

9   Bowman plaintiffs alleged UBS violated the California Labor Code by taking unlawful

10  deductions from wages, failing to reimburse incurred business expenses, and failing to

11  promptly pay wages due upon termination.  (See id. Ex. B ¶¶ 33-34, 49-55.)  Pursuant to

12  the settlement, UBS agreed to pay up to $44 million to the Bowman class members and

13  their counsel; in exchange, the Bowman class released certain claims against UBS,

14  including claims under §§ 200-243, 300-356, 400-410, 500-558, 1194, 2802, 2804 of the

15  California Labor Code, the Private Attorneys General Act of 2004 ("PAGA"), codified at

16  §§ 2698-2699.5 of the California Labor Code, and § 17200 of the California Business and

17  Professions Code.  (See id. Ex. A at 7-9, 12-15.)[2]

18  _____

19  [1]The Court finds further oral argument is unnecessary and, accordingly, VACATES
    the hearing scheduled for December 7, 2007.

20  [2] The release in the Bowman settlement provides, in relevant part: "The Class
21  Members . . . hereby fully release and discharge UBS . . . from any and all wage-and-hour
    claims . . . arising during the period from June 30, 2000 to the date on which the District
22  Court gives final approval of the Settlement . . . , including without limitation statutory,
    constitutional, contractual or common law claims for wages, damages, unpaid costs,
23  penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs,
    restitution, or equitable relief, based on the following categories of allegations: (a) any and
24  all claims for the failure to pay any type of overtime wages; any and all claims for the failure
    to provide meal and/or rest periods; and/or any and all claims stemming from or based on
25  the alleged misclassification of employees as exempt employees . . . ; (b) any and all
    claims alleging the improper assessment of costs, fines, penalties, chargebacks or
26  settlements on employees, including without limitation claims for improper trading error
    deductions; and (c) any and all claims for failure to reimburse, indemnify, or cover or pay
27  for business costs . . . .  The Class Members' Released Claims include . . . California
    Labor Code §§ 200 through 243[,] § 300 et seq.[,] § 400 et seq.[,] § 500 et seq.[,] § 1194[,]
28  §§ 2802 and 2804[,] California Bus. & Prof. Code § 17200 et seq., [and] the California
    Labor Code Private Attorneys General Act of 2004 . . . . "  (See RJN Ex. A ¶ 45.)

On January 10, 2007, Waisbein, a former UBS Financial Advisor who opted out of the <u>Bowman</u> class action, filed the instant action against UBS.  In the FAC, Waisbein alleges a cause of action on his own behalf for violation of the Fair Labor Standards Act, based on a failure to pay overtime compensation.  (<u>See</u> FAC ¶¶ 26-32.)  Additionally, Waisbein alleges causes of action under state law, based on UBS's asserted failure to pay overtime compensation, failure to provide accurate pay stubs, failure to provide required meal and rest periods, taking unlawful deductions from wages, failure to reimburse incurred business expenses, and failure to promptly pay wages due after termination of employment.  (<u>See</u> <u>id.</u> ¶¶ 33-86.)  The state law claims, based on violations of §§ 201, 202, 221, 226(a), 226.7(a), 400-410, 510, 1194, and 2802 of the California Labor Code, are alleged under PAGA and under § 17200 of the California Business and Professions Code; each state law claim is asserted on behalf of Waisbein and on behalf of "other aggrieved employees."  (<u>See</u>, <u>e.g.</u>, <u>id.</u> ¶ 41.)

**DISCUSSION**

UBS argues the state law claims are subject to dismissal, to the extent Waisbein seeks relief on behalf of the <u>Bowman</u> class members, in light of the release set forth in the settlement agreement approved by the Court in <u>Bowman</u>.[3]

**A. PAGA Claims**

The Second through Sixth Causes of Action, in which Waisbein seeks relief based on violations of §§ 201, 202, 221, 226(a), 226.7(a), 400-410, 510, 1194, and 2802 of the California Labor Code, are brought pursuant to PAGA.

Under California law, the State may "assess and collect" civil penalties from employers for violations of certain provisions of the Labor Code.  <u>See</u> Cal. Labor Code § 2699(a).  Under PAGA, however, if an "aggrieved" employee "give[s] written notice by

---

[3]As Waisbein points outs, the <u>Bowman</u> class members only released claims that had arisen during the period from June 30, 2000 to November 22, 2006.  Consequently, the Court interprets UBS's motion as seeking dismissal of the FAC to the extent it is brought on behalf of any <u>Bowman</u> class member and is based on the period from June 30, 2000 to November 22, 2006.

1   certified mail to the [State] and the employer of the specific provisions of [the Labor Code]

2   alleged to have been violated," <u>see</u> Cal. Labor Code § 2699.3(a)(1), and the State

3   thereafter decides not to investigate or does investigate and determines that a citation

4   against the employer should not issue, the employee may "as an alternative" to

5   enforcement by the State, bring a civil action under PAGA to recover the civil penalties "on

6   behalf of himself or herself and other current or former employees," <u>see</u> <u>id.</u>  "[C]ivil

7   penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to

8   the [State] and 25 percent to the aggrieved employees."  Cal. Labor Code § 2699(i).

9        As noted, the <u>Bowman</u> class members released any claim they might have had

10  under §§ 201, 202, 221, 226(a), 226.7(a), 400-410, 510, 1194, and 2802 of the California

11  Labor Code and under PAGA, with respect to the period from June 30, 2000 to November

12  22, 2006.  Waisbein argues the release does not bar him from bringing a PAGA cause of

13  action based on a claim that UBS violated those statutes with respect to the <u>Bowman</u> class

14  members.  Specifically, Waisbein argues, because the plaintiffs in <u>Bowman</u> failed to follow

15  the correct procedures to allege a claim and prosecute a claim under PAGA, they were

16  never authorized by the State to bring a PAGA claim and, consequently, lacked authority to

17  waive the State's ability to collect penalties against UBS.

18        Waisbein's argument is premised on the theory that a claim brought under PAGA by

19  an aggrieved employee is not only a claim brought on behalf of the employee, but also a

20  claim brought on behalf of the State.  Waisbein cites no authority to support his

21  interpretation of PAGA.  As the California Court of Appeal has stated, "[PAGA] empowers

22  or deputizes an aggrieved employee to sue for civil penalties 'on behalf of himself or herself

23  and other current or former employees' as an <u>alternative</u> to enforcement by the [State]."

24  <u>See</u> <u>Dunlap v. Superior Court</u>, 142 Cal. App. 4th 330, 337 (2006) (internal citation omitted)

25  (emphasis added).  Indeed, as noted, a PAGA claim can only be filed where the State has

26  made an affirmative decision not to pursue the matter, either by deciding not to investigate

27  at all or by investigating and then deciding the employer should not be cited and subjected

28  to penalties.

4

1    Contrary to Waisbein's argument, the question is not whether the State would be

2   barred by the release from imposing penalties against UBS under Labor Code sections

3   other than PAGA.  See, e.g., Cal. Labor Code § 558 (providing Labor Commissioner may,

4   upon "inspection and investigation," impose civil penalties on employer who violates

5   § 510).  Rather, the question is whether the Bowman class members voluntarily entered

6   into an agreement in which they accepted a monetary benefit from UBS in exchange for not

7   pursuing their claims under PAGA.  The indisputable answer to that question is "yes."  (See

8   RJN Ex. A ¶ 45.)  As a result, Waisbein may not bring herein PAGA claims on behalf of the

9   Bowman class members with respect to the time period identified in the release.  See

10  Howard v. America Online Inc., 208 F. 3d 741, 746-47 (9th Cir. 2000) (holding class action

11  settlement, in which class settled claims arising under state law and released any claim

12  "related to the matters" alleged in complaint, barred second action in which class members

13  alleged federal claim based on facts related to those on which state law claims had been

14  based).

15    Accordingly, the Second through Sixth Causes of Action are subject to dismissal, to

16  the extent they are brought on behalf of any Bowman class member and is based on the

17  time period from June 30, 2000 to November 22, 2006.

18  **B.  Section 17200**

19    In the Seventh Cause of Action, Waisbein seeks, pursuant to § 17200, "restitution of

20  the wages withheld, deducted and/or retained by [UBS], and losses and/or expenses

21  unreimbursed or charged by [UBS]."  (See FAC ¶¶ 84, 85.)

22    For the reasons discussed above, the Court finds the release in the Bowman

23  settlement agreement bars the Seventh Cause of Action to the extent it is alleged on behalf

24  of Bowman class members and is based on the time period from June 30, 2000 to

25  November 22, 2006.  See Howard, 208 F. 3d at 746-48.

26    Accordingly, the Seventh Cause of Action is subject to dismissal, to the extent it is

27  brought on behalf of any Bowman class member and is based on the time period from June

28  30, 2000 to November 22, 2006.

1

**CONCLUSION**

2       For the reasons stated, UBS's motion to dismiss, or, alternatively, to strike is hereby

3  GRANTED, and, accordingly, the Second through Seventh Causes of Action are hereby

4  DISMISSED without leave to amend to the extent they are alleged on behalf of any

5  <u>Bowman</u> class member and are based on the time period from June 30, 2000 to November

6  22, 2006.

7       **IT IS SO ORDERED.**

8

9  Dated:  December 5, 2007

10                     MAXINE M. CHESNEY
                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28