IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAISBEIN,<br><br>    Plaintiff,<br><br>  v.<br><br>UBS FINANCIAL SERVICES INC.,<br><br>    Defendant<br>_____ / | No. C-07-2328 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEFENDANT'S MOTION TO STAY DISCOVERY** |

    The Court is in receipt of defendant UBS Financial Services Inc.'s motion, filed January 11, 2008, seeking an order "Shortening Time for Hearing on Defendant UBS Financial Service Inc.'s Motion to Stay Discovery." Essentially simultaneously therewith, defendant filed a Motion to Stay, noticed for hearing on February 15, 2008, as well as a Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment, noticed for hearing on February 22, 2008. Thereafter, plaintiff David Waisbein filed opposition to defendant's motion for an order shortening time, to which defendant responded by filing a supplemental declaration.[1]

---

[1] Plaintiff, in turn, responded to defendant's supplemental declaration by filing an objection thereto. Because consideration of the supplemental declaration does not affect the Court's decision with respect to defendant's motion for an order shortening time, the Court denies plaintiff's objection as moot.

1    In its motion to stay, defendant argues it is entitled to a stay of discovery until the
2 Court has ruled on the merits of defendant's dispositive motion, because, inter alia, there
3 exists a "substantial likelihood" the Court will grant defendant's dispositive motion.  In its
4 motion for an order shortening time, defendant observes it is currently required to respond
5 to plaintiff's discovery requests on January 18, 2008,[2] and asserts that if the Court does not
6 conduct a hearing on defendant's motion to stay before January 18, 2008, defendant's
7 motion for a stay will become "moot."  Consequently, defendant argues, good cause exists
8 to hear its motion to stay on shortened time.
9    Because plaintiff's opposition to defendant's motion for an order shortening time was
10 not due until January 16, 2008, see Civil L.R. 6-3(c), and the parties, in conformity with the
11 Court's Standing Orders, delivered on January 17, 2008 a chambers copy of the
12 documents they electronically filed on January 16, 2008, the Court has not had, until
13 today's date, the opportunity to consider the propriety of defendant's motion for an order
14 shortening time.  In any event, were the Court to find the motion to stay raises an issue
15 appropriate for determination on shortened time, the Court would first need to afford
16 plaintiff some opportunity to file a response as to the merits of the motion to stay.  Needless
17 to say, a decision rendered under such rushed circumstances is rarely warranted, even if,
18 as defendant appears to assume, the Court were in a position to cease work on all other
19 pending matters.  In this instance, the motion to stay, as noted, is based on an asserted
20 likelihood that defendant's dispositive motion will be found meritorious.  Consequently, in
21 order to determine whether defendant is entitled to a stay of discovery, the Court would be
22 required, on essentially little to no time, to determine the merits of defendant's dispositive
23 motion.
24    In that regard, the Court further observes that the ground on which defendant's
25 dispositive motion is premised – plaintiff's having filed a claim under the Private Attorneys

---

[2]The discovery in question was initially served by plaintiff on defendant on August 28, 2007.  (See Yu Decl., filed January 16, 2008, ¶ 3.)  Through a series of stipulations, the most recent having been made "prior to January 4," the parties agreed to extend the deadline by which defendant was required to respond thereto.  (See id. ¶ 6.)

General Act of 2004 ("PAGA") before plaintiff had obtained a notice from the Labor and Workforce Development Agency allowing him to file a PAGA claim – was known to defendant for at least two months before such motion was filed. (See Primo Decl., filed November 2, 2007, ¶ 3.)[3] Defendant offers no explanation as to why it delayed filing such dispositive motion until only one week before it was required to respond to plaintiff's requests for discovery. Put another way, the situation defendant is attempting to address, by having its motion to stay heard on shortened time, was created entirely by defendant.

Accordingly, defendant's motion for an order shortening time is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 17, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] According to plaintiff, plaintiff's First Amended Complaint, in which he first alleged his PAGA claim, was filed in state court on or about January 16, 2007, whereas the approval to file such a claim was not provided until February 9, 2007.

3