IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAISBEIN,<br><br>       Plaintiff,<br><br>  v.<br><br>UBS FINANCIAL SERVICES INC.,<br><br>       Defendant<br>_____/ | No. C-07-2328 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; DISMISSING PAGA CLAIMS WITHOUT PREJUDICE; DENYING AS MOOT DEFENDANT'S MOTION TO STAY DISCOVERY; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; VACATING HEARINGS** |

Before the Court are three motions: (1) defendant UBS Financial Services Inc.'s "Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment," filed January 11, 2008; (2) defendant's "Motion to Stay Discovery," filed January 11, 2008; and (3) plaintiff David Waisbein's "Motion for Leave to Amend," filed February 22, 2008. The matters have been fully briefed. Having considered the papers filed in support of and in opposition to the above-referenced motions, the Court deems the matters suitable for decision thereon, vacates the March 21, 2008 hearing on defendants' motions and the March 28, 2008 hearing on plaintiff's motion, and rules as follows.

**A. Motion for Judgment on Pleadings or for Summary Judgment**

   1. Contrary to plaintiff's argument, a plaintiff must, in order to state a claim under the Private Attorneys General Act of 2004 ("PAGA"), allege compliance with the

administrative procedures set forth in § 2699.3(a) of the California Labor Code.  See Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 382 (2005).  Because plaintiff does not plead such compliance in his First Amended Complaint ("FAC"), the PAGA claims alleged therein are subject to dismissal.  See id. at 383.

2. Contrary to defendant's argument, allowing plaintiff leave to refile his existing PAGA claims, with an allegation that he has complied with the above-referenced administrative procedures, would not be futile by reason of the applicable one-year statute of limitations.  California courts have held, under analogous circumstances, that an exhausted claim, although alleged in an amended complaint filed after expiration of the statute of limitations, relates back to a prior timely-filed complaint based on the "same set of facts."  See, e.g., Goldman v. Wilsey Foods, Inc., 216 Cal. App. 3d 1085, 1094 (1989); Bahten v. County of Merced, 59 Cal. App. 3d 101, 113-15 (1976), overruled on other grounds, State v. Bodde, 32 Cal. 4th 1234, 1244 (2004); see also Fed. R. Civ. P. 15(c)(1)(A) (providing amended pleading relates back to original pleading where "law that provides the applicable statute of limitations allows relation back").

**B.  Motion to Stay Discovery**

In light of the above rulings, defendant's motion to stay discovery, by which defendant seeks an order staying discovery relevant to plaintiff's PAGA claims until such time as the Court rules on defendants' motion for judgment on the pleadings, will be denied as moot.

**C.  Motion for Leave to Amend**

1. Contrary to defendant's argument, defendant has not shown plaintiff's proposed amendment to allege a putative class is futile.  The class is not defined in the proposed Second Amended Complaint ("SAC"), and, consequently, the question of plaintiff's standing to bring his claims on behalf of others is premature at this time.[1]

2. Contrary to defendant's argument, defendant has not shown the proposed

---

[1] Defendant has not opposed plaintiff's motion for leave to amend on the ground plaintiff has not identified the putative class[es] in the proposed SAC.

2

1 amendments, or any part thereof, are barred by undue delay, bad faith, or prejudice.  The
2 authority on which defendant relies is distinguishable, as defendant has taken little to no
3 discovery, and the instant action has yet to proceed beyond the pleading stage.  Cf. Ascon
4 Properties, Inc. v. Mobil Oil Co., 866 F. 2d 1149, 1161 (9th Cir. 1989) (holding defendant
5 would be prejudiced by amendment to add "new theory" where defendant had "incurred
6 substantial litigation costs" in defeating plaintiff's previous claims); In re Beverly Hills
7 Bancorp (Commercial Paper Holders v. Hine), 752 F. 2d 1334, 1338 (9th Cir. 1984)
8 (holding amendment to allege new claim improper where existing claim had been "litigated
9 on the merits").

10     3. Contrary to defendant's argument, plaintiff's PAGA claims as alleged in the
11 proposed SAC are not futile; as set forth above, the PAGA claims relate back to the FAC.

**CONCLUSION**

For the reasons stated above,

1. Defendant's motion for judgment on the pleadings is hereby GRANTED, and plaintiff's PAGA claims are hereby DISMISSED without prejudice.

2. Defendant's motion to stay discovery is hereby DENIED as moot.

3. Plaintiff's motion for leave to amend is hereby GRANTED; plaintiff shall file his proposed Second Amended Complaint no later than March 28, 2008.

**IT IS SO ORDERED.**

Dated: March 19, 2008

MAXINE M. CHESNEY
United States District Judge

3