1   MARK YABLONOVICH (SB# 186670) myablonovich@initiativelegal.com
    MARC PRIMO (SB# 216796) mprimo@initiativelegal.com
2   JOSEPH CHO (SB# 198844) josephcho@initiativelegal.com
    GREGORY YU (SB# 230520) gyu@initiativelegal.com
3   INITIATIVE LEGAL GROUP LLP
    1800 Century Park East, 2nd Floor
4   Los Angeles, CA 90067
    Telephone:  (310) 556-5637
5   Facsimile:  (310) 861-9051

6   Attorneys for Plaintiff
    DAVID WAISBEIN
7
    M. KIRBY C. WILCOX (SB# 078576) kirbywilcox@paulhastings.com
8   MAUREEN K. BOGUE (SB # 194755) maureenbogue@paulhastings.com
    ANDREA M. LINDEMANN (SB# 244937) andrealindemann@paulhastings.com
9   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
10  San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
11  Facsimile:  (415) 856-7100

12  Attorneys for Defendant
    UBS FINANCIAL SERVICES INC.

13

14                   UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18  DAVID WAISBEIN, individually, and on          No. CV-07-02328-MMC
    behalf of other members of the general
19  public similarly situated,
                                                  **STIPULATION AND [PROPOSED]**
20                  Plaintiff,                    **ORDER GRANTING LEAVE TO FILE**
                                                  **PLAINTIFF'S THIRD AMENDED**
21          vs.                                   **COMPLAINT**

22  UBS FINANCIAL SERVICES INC.; and
    Does 1 through 20, inclusive,
23
                    Defendant.
24

25

26

27

28

**STIPULATION**

Plaintiff DAVID WAISBEIN and defendant UBS FINANCIAL SERVICES INC. ("UBS") (collectively, the "Parties"), acting through their respective counsel of record, hereby stipulate as follows:

1.     On January 10, 2007, plaintiff filed his original complaint asserting individual claims under the Fair Labor Standards Act ("FLSA") and the California Labor Code.

2.     On January 16, 2007, plaintiff filed his First Amended Complaint to add a claim under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*

3.     On February 22, 2008, plaintiff filed a motion for leave to amend his First Amended Complaint.

4.     On March 19, 2008, the Court granted plaintiff's motion for leave to amend, and ordered plaintiff to file his Second Amended Complaint by March 28, 2008.

5.     On March 28, 2008, plaintiff filed his Second Amended Complaint, alleging an FLSA collective action and a state-law wage-and-hour class action.  UBS's response to the Second Amended Complaint currently is due on April 14, 2008.

6.     According to the Court's March 19, 2008, order granting plaintiff's motion for leave to amend, the class was not defined in the proposed Second Amended Complaint.

7.     Plaintiff wishes to file a Third Amended Complaint in the form appearing as Exhibit A to this stipulation.  In his Third Amended Complaint, plaintiff seeks to define the nationwide collective class and California class.  Additionally, even though plaintiff contends that he adequately alleged in his Second Amended Complaint that he has satisfied the requirements of PAGA, he now wishes to clarify in his Third Amended Complaint that he satisfied the "administrative exhaustion requirements of PAGA, pursuant to Cal. Lab. Code § 2699.3."

8.     UBS stipulates that the Court may grant leave to plaintiff to file his Third Amended Complaint.

9.     By UBS's stipulating to leave being granted for plaintiff to file his Third Amended Complaint, the Parties agree that UBS expressly reserves and does not waive any objection to the Third Amended Complaint, any denial to any allegation in the Third Amended Complaint, any defense to the

1  Third Amended Complaint (including but not limited to the statute of limitations and failure to exhaust

2  administrative remedies under PAGA or otherwise), or any objection to certification of an FLSA

3  collective action and a state-law class action.

4      10.    The Parties further stipulate that by virtue of plaintiff's filing his Third Amended

5  Complaint, UBS will not be required to respond to plaintiff's Second Amended Complaint, and that

6  UBS will have 30 days after plaintiff files his Third Amended Complaint to object to, answer, or

7  otherwise respond to plaintiff's Third Amended Complaint.

8      11.    The Parties further stipulate that if the Court were to deny leave for plaintiff to file his

9  Third Amended Complaint, then UBS would have until May 5, 2008, by which to object to, answer, or

10  otherwise respond to plaintiff's Second Amended Complaint.

11      12.    The parties respectfully request that this Court enter an order consistent with this

12  stipulation.

13      Dated: April ___, 2008.        MARK YABLONOVICH
                                        MARC PRIMO
14                                      JOSEPH CHO
                                        GREGORY YU
15                                      INITIATIVE LEGAL GROUP LLP

16

17      By: _____
                                Marc Primo
18                         Attorneys for Plaintiff
                           DAVID WAISBEIN

19      Dated: April 9, 2008.        M. KIRBY C. WILCOX
                                     MAUREEN K. BOGUE
20                                   ANDREA M. LINDEMANN
                                     PAUL, HASTINGS, JANOFSKY & WALKER LLP
21

22

23      By: _Maureen K. Bogue_____
                           Maureen K. Bogue
24                         Attorneys for Defendant
                           UBS FINANCIAL SERVICES INC.
25

26

27

28

-2-

1    Third Amended Complaint (including but not limited to the statute of limitations and failure to exhaust

2    administrative remedies under PAGA or otherwise), or any objection to certification of an FLSA

3    collective action and a state-law class action.

4           10.    The Parties further stipulate that by virtue of plaintiff's filing his Third Amended

5    Complaint, UBS will not be required to respond to plaintiff's Second Amended Complaint, and that

6    UBS will have 30 days after plaintiff files his Third Amended Complaint to object to, answer, or

7    otherwise respond to plaintiff's Third Amended Complaint.

8           11.    The Parties further stipulate that if the Court were to deny leave for plaintiff to file his

9    Third Amended Complaint, then UBS would have until May 5, 2008, by which to object to, answer, or

10   otherwise respond to plaintiff's Second Amended Complaint.

11          12.    The parties respectfully request that this Court enter an order consistent with this

12   stipulation.

13       Dated: April 9, 2008.              MARK YABLONOVICH
                                            MARC PRIMO
14                                          JOSEPH CHO
                                            GREGORY YU
15                                          INITIATIVE LEGAL GROUP LLP

16
                                            By: _____
17                                                Marc Primo  GREGORY YU
18                                                Attorneys for Plaintiff
                                                  DAVID WAISBEIN
19
         Dated: April ___, 2008.            M. KIRBY C. WILCOX
20                                          MAUREEN K. BOGUE
                                            ANDREA M. LINDEMANN
21                                          PAUL, HASTINGS, JANOFSKY & WALKER LLP

22
23                                          By: _____
                                                  Maureen K. Bogue
24                                                Attorneys for Defendant
                                                  UBS FINANCIAL SERVICES INC.
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ORDER

On the parties' stipulation, and good cause appearing therefor,

IT IS ORDERED that plaintiff David Waisbein be and is hereby granted leave to file a Third Amended Complaint; that will file his Third Amended Complaint within five days after the entry of this order; and that that defendant UBS Financial Services Inc.'s response to the Third Amended Complaint will be filed by not later than 30 days after plaintiff files his Third Amended Complaint.

Dated: April 11, 2008.

_____
Maxine M. Chesney
United States District Judge

U.S.D.C., N.D. Cal., No. CV-07-02328-MMC
STIP. AND [PROPOSED] ORDER RE: TAC

EXHIBIT A

Mark Yablonovich (SBN 186670)
    MYablonovich@InitiativeLegal.com
Joseph Cho (SBN 198844)
    JCho@InitiativeLegal.com
Gregory Yu (SBN 230520)
    GYu@InitiativeLegal.com
Shawn Westrick (SBN 235313)
    SWestrick@InitiativeLegal.com
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051
Attorneys for Plaintiff/Class Members

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAISBEIN, individually, and on behalf of other members of the general public similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>UBS FINANCIAL SERVICES INC; and DOES 1 through 20, inclusive,<br><br>                Defendants. | **Case Number:** CV 07-02328 MMC<br><br>[Class Action Pursuant to California Code of Civil Procedure § 382, Collective Action under the Fair Labor Standards Act, and a representative action under the California Private Attorneys General Act]<br><br>**Third Amended Complaint For:**<br>(1) Violation of 29 U.S.C. § 207;<br>(2) Violation of California Labor Code §§ 510 and 1194;<br>(3) Violation of California Labor Code § 226(a);<br>(4) Violation of California Labor Code § 226.7(a);<br>(5) Violation of California Labor Code |

§§ 221, 400-410, 2802 and 8 C.C.R. § 11040
(6) Violation of <u>California Labor Code</u> §§ 201 and 202; and
(7) Violation of <u>California Business & Professions Code</u> § 17200, et seq.;

**Jury Trial Demanded**

Plaintiff, individually and on behalf of all others similarly situated, and on behalf of the general public, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

2.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

3.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

5.     Plaintiff DAVID WAISBEIN (hereinafter "WAISBEIN" or "Plaintiff"), is a United States citizen and resident of San Mateo County, in the state of California.

6.     Defendant UBS FINANCIAL SERVICES GROUP INC (hereinafter "Defendant") was and is, upon information and belief, a corporation doing business within the state of California, and at all material times hereinafter mentioned.

Defendant is in the business of providing investment banking, securities trading and brokerage services.

7.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-20, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474, once their names and capacities become known.

8.     Plaintiff is informed and believes, and thereon alleges, that Does 1-20 are the partners, owners, shareholders or managers of Defendants, and were acting on behalf of Defendants.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein.

10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of Defendants were in accordance with, and represent the official policy of, Defendants.

11.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this suit on behalf of the following similarly situated persons:

a.     All current and former securities brokers and broker trainees, or persons with similar titles and/or similar job duties, including but not limited to Unregistered Trainees (job codes 226 and 008226),

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

Brokers (job codes 456 and 008456), and Registered Trainees (job codes 457 and 008457) who worked for Defendant outside the State of California at any time during the period from three years prior to the filing of this action to the date of preliminary approval ("Nationwide Collective Class");

b.      All current and former securities brokers and broker trainees, or persons with similar titles and/or similar job duties, including but not limited to Unregistered Trainees (job code 226), Brokers (job code 456), and Registered Trainees (job code 457) who worked for Defendant in the State of California at any time during the period from four years prior to the filing of this action to the date of preliminary approval (the "California Class");

13.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, section 216(b) and on behalf of the California Class as a class action for claims under the California Labor Laws pursuant to the Federal Rules of Civil Procedure 23.  Collectively, the Nationwide Collective Class and the California Class shall hereinafter be referred to as "the Classes."

14.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims under the California Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the California Class, pursuant to the Federal Rules of Civil Procedure 23.

**Allegations Applicable to All Classes**

15.     The members of each of the Classes are so numerous that joinder of all members is impracticable.  The exact number of the members of the Classes can be determined by reviewing Defendant's records.  Plaintiffs are informed and believe and thereon allege that there are hundreds of individuals in each defined class.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

16.     Plaintiff will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced and competent in class action and employment litigation.  Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

17.     A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

18.     A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of the FLSA and applicable California Labor Laws.

19.     Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

20.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole.  The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action.  Among the common questions of law and fact are:

    a.     Whether securities broker, broker trainee or any other job position with similar title and/or duties were properly classified as exempt by Defendant from overtime compensation;

    b.     Whether Defendant lacks a retail concept;

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

c.      Whether Plaintiff and members of the Classes were expected to, and/or did as a matter of corporate policy and practice, regularly work hours in excess of forty (40) per week and/or in excess of eight (8) hours per day;

d.      The manner in which Plaintiff and members of the Classes were compensated; and

e.      Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

**Allegations Specific to the Nationwide Collective Class**

21.      Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of themselves and the Nationwide Collective Class.

22.      Notice of the pendency and any resolution of this action can be provided to the Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific to the California Class**

23.      CA Plaintiffs bring this action as a California state class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and the California Class.

24.      In addition to the common issues of fact and law described above, the California Class Members have numerous common issues of fact, including:

a.      Whether Defendant failed to compensate adequately the members of the CA Class for overtime hours worked as required by California Wage Order 4-2001, 8 C.C.R. § 11040 and <u>California Labor Code</u> § 510;

b.      Whether Defendant failed to provide all required meal and rest breaks in violation of <u>California Labor Code</u> § 226.7;

c.      Whether Defendant committed acts of unfair competition under <u>California Business & Professions Code</u> § 17200 <u>et seq.</u>, by not paying the required

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

overtime pay and/or compensation for missed meal and rest periods as required by applicable employment laws; and

        d.      Whether Defendant failed to maintain and provide members of the CA Class with accurate and detailed records of hours worked and wages earned, pursuant to California Labor Code § 226.

## LABOR CODE PRIVATE ATTORNEYS
## GENERAL ACTION ALLEGATIONS

25.    Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, the California Industrial Welfare Commission ("IWC") Order and California Labor Code § 2699 was applicable to Plaintiff's employment by Defendants.

26.    Plaintiff is informed and believes, and thereon alleges, that PAGA provides that for any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency ("Agency") for violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

27.    Pursuant to California Labor Code § 2699, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

28.    Plaintiff was employed by the Defendants and the alleged violations were committed against him during his time of employment, and he is therefore, an aggrieved employee.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

29.     Plaintiff has satisfied the administrative exhaustion requirements of PAGA, pursuant to Cal. Lab. Code § 2699.3, and may allege claims and remedies under PAGA.

## FACTUAL ALLEGATIONS

30.     At all material times set forth herein, Defendants employed Plaintiff as an exempt securities broker in the State of California from October 1994 until January 2006.

31.     At all material times set forth herein, Defendants consistently failed to properly pay regular and overtime wages to Plaintiff and all members of the Classes and all aggrieved employees.

32.     Defendants knew or should have known that Plaintiff and all members of the Classes and all aggrieved employees were not receiving proper regular or premium overtime wages, because, among other things, Defendants' agents, officers and employees witnessed Plaintiff and all members of the Classes and all aggrieved employees working hours entitling Plaintiff and all members of the Classes and all aggrieved employees to such wages and Defendants' own work schedules indicate that these hours were worked.

33.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew that they had a duty to compensate Plaintiff and all members of the Classes and all aggrieved employees and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, solely to increase Defendants' profits.

34.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew or should have known that Plaintiff and all members of the Classes and all aggrieved employees did not receive, but were entitled to receive, complete and accurate wage statements in accordance with California law.

8

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

35.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew or should have known that Plaintiff and all members of the Classes and all aggrieved employees did not receive, but were entitled to receive, all meal and rest breaks or payment of one hour of pay when a break was missed.

36.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew or should have known that Plaintiff and all members of the California Class and all aggrieved employees did not receive, but were entitled to receive, full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

37.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew or should have known that Plaintiff and all members of the California Class and all aggrieved employees were entitled to not have to pay wages back to their employer.

38.     Plaintiff is informed and believes, and thereon alleges that at all material times set forth herein, Defendants knew or should have known that Plaintiff and all members of the California Class and all aggrieved employees did not receive, but were entitled to receive, all the wages owed to them upon discharge.

39.     California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him under this article."

\\\

\\\

\\\

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

**FIRST CAUSE OF ACTION**

**Violation of 29 U.S.C. § 207**

**(Against all Defendants)**

**(For Nationwide Collective Class)**

40.     Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 39 of this Complaint.

41.     The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) ("FLSA"), provides in relevant part,

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

42.     At all material times set forth herein, Plaintiff and all members of the Nationwide Collective Class did not qualify for "exempt" status under the FLSA because, *inter alia*, Plaintiff and all members of the Nationwide Collective Class were not paid on a salary basis; the primary duties of Plaintiff and all members of the Nationwide Collective Class did not consist of office or nonmanual work directly related to the management or general business operations of Defendants or Defendants' customers; Plaintiff and all members of the Nationwide Collective Class did not exercise discretion and independent judgment with respect to matters of significance; and Defendants' businesses did not qualify as either "retail or service establishments."

43.     At all material times set forth herein, Plaintiff and all members of the Nationwide Collective Class consistently worked in excess of forty hours in a workweek; however, the proper overtime compensation was not paid by Defendants.

10

44.    At all material times set forth herein, Defendants' failure to pay Plaintiff and all members of the Nationwide Collective Class the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful.

45.    Pursuant to the FLSA, Plaintiff and all members of the Nationwide Collective Class are entitled to recover unpaid overtime compensation as well as interest, costs, attorneys' fees and other remedies available under the FLSA.

46.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the Nationwide Collective Class are entitled to punitive damages.

### SECOND CAUSE OF ACTION
### Violation of <u>California Labor Code</u> §§ 510 and 1194
### (Against all Defendants)
### (For the California Class)

47.    Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 46 of this Complaint.

48.    <u>California Labor Code</u> § 510(a) provides in relevant part,

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

49.   <u>California Labor Code</u> § 515(a) provides in relevant part,

The Industrial Welfare Commission may establish exemptions from the requirement than an overtime rate of compensation be paid pursuant to Sections 510 and 511 for executive, administrative, and professional employees, provided that the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment.

50.   At all material times set forth herein, Plaintiff and all members of the California Class and all aggrieved employees did not qualify for "exempt" status under the <u>California Labor Code</u> because, *inter alia*, Plaintiff and all members of the California Class and all aggrieved employees were not primarily engaged in the duties that meet any potential exemptions and Plaintiff and all members of the California Class and all aggrieved employees did not customarily and regularly exercise discretion and independent judgment in performing those duties.

51.   <u>California Labor Code</u> § 515(d) provides in relevant part,

For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

52.   <u>California Labor Code</u> § 1194(a) provides,

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

53.     At all material times set forth herein, Plaintiff and all members of the California Class and all aggrieved employees consistently worked in excess of eight hours in one workday and/or 40 hours in any one workweek; however, the proper overtime compensation was not paid by Defendants.

54.     Therefore, Plaintiff and all members of the California Class are entitled to recover unpaid overtime compensation pursuant to California Labor Code § 510(a) at the rate specified in California Labor Code § 515(d), plus interest, costs, and attorneys' fees.

55.     Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and all members of the California Class and all aggrieved employees are further entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees.

56.     Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Class and all aggrieved employees are entitled to punitive damages.

### THIRD CAUSE OF ACTION
**Willful Violation of California Labor Code § 226(a)**
**(Against all Defendants)**
**(For the California Class)**

57.     Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 56 of this Complaint.

58.     California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized

13

statement in writing showing (i) gross wages earned; (ii) total hours worked by the employee, except for an employee whose compensation is based solely on a salary and who is exempt from the payment of overtime; (iii) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; (iv) all deductions; (v) net wages earned; (vi) the inclusive dates of the period for which the employee is paid; (vii) the name of the employee and his or her social security number; (viii) the name and address of the legal entity that is the employer; and (ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

59.     At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiff and all members of the California Class and all aggrieved employees.

60.     Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally under-reported the number of hours worked by Plaintiff and all members of the California Class and all aggrieved employees, resulting in widespread under-compensation for labor performed by Plaintiff and all members of the Classes and all aggrieved employees.

61.     Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally caused a wage rate to be represented on the employee check stubs that did not correspond with the actual wage rate used to calculate employee compensation.

62.     Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally engaged in conduct designed to conceal the under-reporting of hours and the incorrect wage reporting from Plaintiff and all members of the California Class and all aggrieved employees.

63.     Defendants' conduct as alleged herein is in violation of <u>California Labor Code</u> § 226(a).

64.     Plaintiff and all members of the California Class are entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with <u>California Labor Code</u> § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000.00), injunctive relief pursuant to <u>California Labor Code</u> § 226(g) and an award of costs and reasonable attorney's fees pursuant to <u>California Labor Code</u> § 226(e) and (g).

65.     Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff and all members of the California Class and all aggrieved employees are further entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees.

66.     Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Class and all aggrieved employees are entitled to punitive damages.

### FOURTH CAUSE OF ACTION
**Violation of <u>California Labor Code</u> §226.7(a)**
**(Against all Defendants)**
**(For the California Class)**

67.     Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 66 of this Complaint.

68.     The applicable IWC Wage Order and <u>California Labor Code</u> § 226.7(a) provide that employees cannot be required to work in excess of four hours without receiving a ten minute rest period, nor can they be required to work in excess of five hours without receiving a meal period of not less than 30 minutes.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

69.     At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to work in excess of four hours without providing a ten minute rest period.

70.     At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to work an additional four hours without providing a second ten minute rest period.

71.     At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to work for periods longer than five hours without a meal period of not less than 30 minutes.

72.     At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to work during meal periods and failed to compensate Plaintiff and all members of the Classes and all aggrieved employees for work performed during meal periods.

73.     At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to work during rest periods and failed to compensate Plaintiff and all members of the Classes and all aggrieved employees for work performed during rest periods.

74.     Defendants' conduct violates the applicable IWC Wage Order, therefore violating California Labor Code 226.7(a).

75.     Plaintiff and all members of the California Class are entitled to recover from Defendants one hour compensation per missed meal break and/or rest period as premium pay, and not as a penalty.

76.     Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and all members of the California Class and all aggrieved employees are further entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees.

16

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

77.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Class and all aggrieved employees are entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 221, 400-410, 2802 and 8 C.C.R. § 11040

### (Against All Defendants)

### (For the California Class)

78.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in paragraphs 1 through 77 of this Complaint.

79.    California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages previously paid by the employer to the employee.

80.    California Labor Code § 2802(a) provides,

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

81.    California Labor Code §§ 400-410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

82.    8 Cal. Code Regs. § 11040(8) provides,

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

17

83.    At all material times set forth herein, Defendants required Plaintiff and all members of the California Class and all aggrieved employees to contribute to Defendants' costs of doing business, including, but not limited to compensating Defendants' other employees (i.e. Sales Assistants) for the labor necessary to complete the work; incurring expenses (including, but not limited to, marketing, travel, overhead, office supplies and other expenses that are the employer's costs of doing business) in direct consequence of the discharge of the duties of Plaintiff and all members of the California Class and all aggrieved employees, or of their obedience to Defendants' directions, which expenses have not yet been reimbursed by Defendants; and being charged back commissions and/or the actual value of the stock losses allegedly caused by Plaintiff and all members of the California Class and all aggrieved employees as a result of their simple negligence or through no fault of their own.

84.    Thus, at all material times set forth herein, Plaintiff and all members of the California Class and all aggrieved employees were forced to contribute to the capital and expenses of Defendants' businesses, which constitutes putting up a cash bond and must be refunded by Defendants to Plaintiff and all members of the California Class and all aggrieved employees.

85.    California Labor Code § 218.6 provides for interest specified in California Civil Code § 3289(b), accruing from the date that the wages were due and payable.

86.    Therefore, Plaintiff demands reimbursement for those chargebacks deducted by Defendants against the wages of Plaintiff and all members of the California Class; and reimbursement for the expenditures or losses incurred by Plaintiff and all members of the California Class in direct consequence of the discharge of their duties, or of their obedience to Defendants' directions; plus return of all cash bonds or other coerced investments in Defendants' businesses, with interest at the statutory rate, and attorneys fees.

87.    Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and all members of the California Class and all aggrieved employees are further entitled to

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees.

88.     Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Class and all aggrieved employees are entitled to punitive damages.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against all Defendants)

### (For the California Class)

89.     Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 88 of this Complaint.

90.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

91.     After the resignation or discharge of Plaintiff, the members of the California Class and the aggrieved employees, Defendants did not pay earned wages within the required time frames in the California Labor Code.  Indeed, Defendants still have not yet paid all earned and unpaid wages of Plaintiff and all members of the California Class and all aggrieved employees to this day.

92.     Defendants' failure to promptly pay wages earned and unpaid at the time of discharge or resignation violated California Labor Code §§ 201 or 202.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

93.   <u>California Labor Code</u> § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

94.   Therefore, Plaintiff and all members of the California Class are entitled to recover from Defendants the statutory penalty for each day Plaintiff and all members of the California Class and all aggrieved employees were not paid at their regular rate of pay up to a 30 day maximum pursuant to <u>California Labor Code</u> § 203.

95.   Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff and all members of the California Class and all aggrieved employees are further entitled to recover civil penalties in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus costs and attorney's fees.

96.   Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Class and all aggrieved employees are entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

### Violation of <u>California Business & Professions Code</u> § 17200, <u>et seq</u>.

### (Against all Defendants)

### (For the California Class)

97.   Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in paragraphs 1 through 96 of this Complaint.

98.   At all material times set forth herein, Defendants' conduct was unfair, unlawful, and harmful to Plaintiff and all members of the California Class.

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

99.     Pursuant to <u>California Business & Professions Code</u> § 17200, et seq., Plaintiff and all members of the California Class are entitled to restitution of the wages withheld, deducted and/or retained by Defendants, and, losses and/or expenses unreimbursed or charged by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding monies due to Plaintiff and all members of the California Class; an award of attorneys' fees and costs.

100.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff and all members of the California Classes are entitled to punitive damages.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.     For general unpaid wages at overtime wage rates;

2.     For an additional equal amount as liquidated damages;

3.     For additional liquidated damages for unreasonably delayed payment of wages;

4.     For  pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

5.     For reasonable attorney's fees and for costs of suit incurred herein pursuant to 29 U.S.C. § 216(b);

6.     For punitive damages; and,

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

7.      For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

8.      For general unpaid wages at overtime wage rates;

9.      For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

10.     For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

11.     For civil penalties, pursuant to California Labor Code § 2699(f) and (g);

12.     For punitive damages; and,

13.     For such other and further relief as the Court may deem appropriate.

### As to the Third Cause of Action

14.     For all actual damages, according to proof;

15.     For statutory penalties pursuant to California Labor Code § 226(e);

16.     For injunctive relief pursuant to California Labor Code § 226(g);

17.     For reasonable costs and attorney's fees pursuant to California Labor Code § 226(e);

18.     For civil penalties, pursuant to California Labor Code § 2699(f) and (g);

19.     For punitive damages; and,

20.     For such other and further relief as the Court may deem appropriate.

### As to the Fourth Cause of Action

21.     For payments pursuant to California Labor Code § 226.7(b);

22.     For reasonable attorney's fees;

23.     For costs of suit incurred herein;

24.     For civil penalties, pursuant to California Labor Code § 2699(f) and (g);

25.     For punitive damages; and,

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

26.     For such other and further relief as the Court may deem appropriate.

## As to the Fifth Cause of Action

27.     For unpaid wages;

28.     For interest on all due and unpaid wages, accrued from the date that the wages were due and payable, at the rate of interest specified in California Civil Code § 3289(b), pursuant to California Labor Code § 218.6;

29.     For reasonable attorney's fees;

30.     For costs of suit incurred herein;

31.     For civil penalties, pursuant to California Labor Code § 2699(f) and (g);

32.     For punitive damages; and,

33.     For such other and further relief as the Court may deem appropriate.

## As to the Sixth Cause of Action

34.     For statutory penalties pursuant to California Labor Code § 203;

35.     For reasonable attorney's fees;

36.     For costs of suit incurred herein;

37.     For civil penalties, pursuant to California Labor Code § 2699(f) and (g);

38.     For punitive damages; and,

39.     For such other and further relief as the Court may deem appropriate.

## As to the Seventh Cause of Action

40.     For restitution of unpaid wages, wrongful deductions, unreimbursed expenses and pre-judgment interest thereon;

41.     For a permanent injunction ordering Defendants to pay required overtime rates for overtime hours worked to all securities brokers and broker trainees and ordering Defendants to discontinue the practice of passing on the costs of Defendants' doing business to its securities brokers and broker trainees;

THIRD AMENDED COMPLAINT
CV 07-02328 MMC

42.     For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from the Defendants determined to have been wrongfully acquired by the Defendants as a result of violations of California Business & Professions Code § 17200 et seq.;

43.     For reasonable attorney's fees;

44.     For costs of suit incurred herein;

45.     For punitive damages; and,

46.     For such other and further relief as the Court may deem appropriate.

Dated:              , 2008              Initiative Legal Group LLP


By:   _____
                          Mark Yablonovich
                          Marc Primo
                          Joseph Cho
                          Gregory Yu
                          Attorneys for Plaintiff

THIRD AMENDED COMPLAINT
CV 07-02328 MMC