1    MARK YABLONOVICH (SB# 186670)  myablonovich@initiativelegal.com
      MARC PRIMO (SB# 216796)  mprimo@initiativelegal.com
2    JOSEPH CHO (SB# 198844)  josephcho@initiativelegal.com
      GREGORY YU (SB# 230520)  gyu@initiativelegal.com
3    INITIATIVE LEGAL GROUP LLP
      1800 Century Park East, 2nd Floor
4    Los Angeles, CA 90067
      Telephone:  (310) 556-5637
5    Facsimile:  (310) 861-9051

6    Attorneys for Plaintiff
      DAVID WAISBEIN
7

8    M. KIRBY C. WILCOX (SB# 078576) kirbywilcox@paulhastings.com
      MAUREEN K. BOGUE (SB# 194755) maureenbogue@paulhastings.com
9    ANDREA M. LINDEMANN (SB# 244937) andrealindemann@paulhastings.com
      PAUL, HASTINGS, JANOFSKY & WALKER LLP
10   55 Second Street
      Twenty-Fourth Floor
11   San Francisco, CA  94105-3441
      Telephone:  (415) 856-7000
12   Facsimile:  (415) 856-7100

13   Attorneys for Defendant
      UBS FINANCIAL SERVICES INC.

14

15                 UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| DAVID WAISBEIN, individually, and on behalf of other members of the general public similarly situated, | CASE NO. CV-07-02328 MMC |
| | **STIPULATION AND AGREEMENT REGARDING CONFIDENTIAL INFORMATION AND [PROPOSED] ORDER** |
| Plaintiff, | |
| vs. | |
| UBS FINANCIAL SERVICES INC.; and Does 1 through 20, inclusive, | |
| Defendant. | |

18
19
20
21
22
23
24
25
26
27
28

1       Plaintiff David Waisbein and defendant UBS Financial Services Inc. ("UBS")

2   (collectively referred to in this agreement as the "Parties"), acting through their respective

3   counsel of record, enter into this Stipulation and Agreement Regarding Confidential Information

4   ("Confidentiality Agreement") as follows:

5             1.     The Parties and/or third parties have produced or will produce, in

6   connection with discovery and/or mediation proceedings in this action, information and/or

7   documents consisting of or referencing confidential information, including but not necessarily

8   limited to: (1) UBS's business operations; (2) UBS's policies; (3) information concerning UBS

9   employees; and (4) information concerning UBS's clients.  Such information and documents are

10  called "CONFIDENTIAL INFORMATION" in this Confidential Agreement.  The term

11  CONFIDENTIAL INFORMATION also refers to any summaries and compilations derived from

12  such materials, including but not limited to charts, graphs, and tables.

13            2.     If CONFIDENTIAL INFORMATION already has been produced in

14  discovery or as part of the mediation process, and has been marked "CONFIDENTIAL," it will

15  be deemed already so designated and subject to the terms of this Confidentiality Agreement.  If

16  such material has not yet been produced in discovery or as part of mediation proceedings, the

17  Party who wishes to so designate it will do so by means of written notice given to the other Party

18  as soon as is practicable in connection with its production, including but not limited to marking

19  the document "CONFIDENTIAL."  Any advertently omitted "CONFIDENTIAL" designation

20  may be corrected by written notification to counsel of record for the other party, so long as the

21  correction is made promptly after the discovery of the omission.

22            3.     Wherever it appears that CONFIDENTIAL INFORMATION may be

23  revealed in a deposition or evidentiary proceeding, a party may designate the material as

24  "CONFIDENTIAL" on the record at the time of its disclosure or within 10 days after the party's

25  receipt of the deposition transcript, and the deposition transcript shall be treated as "confidential"

26  until the expiration of this 10 day period.  Upon such designation, the portion of the deposition

27  containing confidential information shall be subject to the terms of this Confidentiality

28  Agreement and Order.  In both of the foregoing instances, counsel shall direct that the appropriate

1   designation of "CONFIDENTIAL" be prominently affixed to the original and all copies of each

2   transcript page that contains any Confidential Material.  The cover of each deposition transcript

3   that contains Confidential Material shall bear the legend: "THIS DEPOSITION TRANSCRIPT

4   CONTAINS CONFIDENTIAL INFORMATION."

5           4.      To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it

6   will be maintained as set forth in this Confidentiality Agreement.

7           5.      CONFIDENTIAL INFORMATION will be used by the party to whom it is

8   produced (the "Receiving Party") solely for the purposes of the prosecution and/or defense in this

9   action and shall not be used for any other purpose during the litigation, nor shall it be disclosed to

10  third parties, except as set forth in this Stipulation and Order.

11          6.      The Parties may disclose CONFIDENTIAL INFORMATION only to the

12  following persons, who will agree to maintain its confidentiality:

13              (a)     counsel of record for the Parties, including in-house counsel, who

14  are actively engaged in the conduct of this litigation, and the partners, associates, secretaries,

15  paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render

16  professional services in the litigation;;

17              (b)     court officials involved in this litigation (including court reporters,

18  persons operating video recording equipment at depositions, and any special master appointed by

19  the Court);

20              (c)     plaintiff David Waisbein;

21              (d)     witnesses, including non-party witnesses, in preparation for, and in

22  the course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of

23  counsel, examination with respect to such information is necessary for legitimate discovery or

24  trial purposes;

25              (e)     outside consultants or experts retained for the purpose of assisting

26  counsel in the litigation;

27              (f)     third-party contractors involved solely in one or more aspects of

28  organizing, filing, coding, converting, storing, or retrieving data or designing programs for

CASE NO. CV-07-02328 MMC                    -3-        STIPULATION AND AGREEMENT RE CONF.
                                                       INFORMATION AND [PROPOSED] ORDER

1  handling data connected with this action, including the performance of such duties in relation to a

2  computerized litigation support system; and to employees of third-party contractors performing

3  one or more of these functions;

4          (g)    employees of UBS who are performing functions in connection

5  with the litigation; and

6          (h)    any person designated by the Court in the interests of justice, upon

7  such terms as the Court may deem proper.

8          7.    The Parties and their counsel are responsible for employing reasonable

9  measures to control, consistent with this agreement, duplication of, access to, discussion of and

10  distribution of copies of CONFIDENTIAL INFORMATION.  Prior to disclosure of

11  CONFIDENTIAL INFORMATION to any third-party authorized to received CONFIDENTIAL

12  INFORMATION pursuant to paragraph 6 above, such person will agree in advance to be bound

13  by this Confidentiality Agreement by signing the attached Exhibit A.  Copies of the signed

14  Exhibit A will be retained by counsel and made available to opposing counsel and/or the Court as

15  may be necessary and appropriate in the event of a dispute or disagreement.  Any disclosure of

16  CONFIDENTIAL INFORMATION to witnesses, experts and/or consultants must be necessary to

17  the conduct of the litigation.

18          8.    In the event that a Party challenges the designation of information and/or

19  documents as CONFIDENTIAL INFORMATION, that Party must do so in good faith and will so

20  notify the other Party in writing.  The burden will then fall on the Party making the designation to

21  obtain an order of the Court upholding the designation.  The designation made by the Party will

22  be respected by the other Party, and the information and/or documents designated

23  CONFIDENTIAL INFORMATION will not be used in a manner inconsistent with this

24  Confidentiality Agreement, until either: (a) 15 days pass after the Party gave notice of the

25  challenge to the designation, and the Party making the designation fails to file a motion for an

26  order of the Court upholding the designation; or (b) a motion timely made is denied by the Court.

27          9.    In the event that a Party seeks to file with the Court a document containing

28  or constituting CONFIDENTIAL INFORMATION, the Parties shall follow the procedures set

1  forth in Rule 79-5 of the Local Rules for the United States District Court for the Northern District

2  of California.

3          10.      Entering into, agreeing to and/or complying with the terms of this

4  Confidentiality Agreement will not:

5                  (a)      prejudice in any way the right of any Party to object to the

6  production of documents or information it considers not subject to discovery or to seek a Court

7  determination whether particular designated material should be produced;

8                  (b)      prejudice in any way the right of any Party to apply to the Court to

9  rescind or modify the terms of this Protective Order or to move the Court for a further protective

10  order;

11                  (c)      prejudice in any way the right of any Party to use, or object to the

12  use of, any CONFIDENTIAL INFORMATION at any hearing or at trial;

13                  (d)      affect the obligations of any Party or person to comply with the

14  terms of any compulsory process; or

15                  (e)      be construed as a waiver by either Party of any discovery objection.

16          11.      If any party wishes to use CONFIDENTIAL INFORMATION during trial

17  of this action, the parties will, before trial, confer in good faith to attempt to agree upon a method

18  to protect such CONFIDENTIAL INFORMATION.  If the parties are unable to reach agreement,

19  the party opposing the use of such CONFIDENTIAL INFORMATION may seek a Court Order

20  protecting such CONFIDENTIAL INFORMATION during trial.  The parties agree to abide by

21  the terms of this Stipulation pending resolution by the Court of any such dispute unless the Court

22  does not resolve such dispute prior to the commencement of trial.

23          12.      Certain documents may be designated CONFIDENTIAL – ATTORNEYS'

24  EYES ONLY.

25          13.      The Parties agree that certain documents pertaining to Defendant's clients

26  and/or business and marketing practices may be marked as "CONFIDENTIAL - ATTORNEYS'

27  EYES ONLY," and that Plaintiff's counsel, but not their client, may have access to such

28  documents.  Plaintiff's counsel may inform their client of specific or particularized information

CASE NO. CV-07-02328 MMC
                                    -5-          STIPULATION AND AGREEMENT RE CONF.
                                                 INFORMATION AND [PROPOSED] ORDER

1   from the documents that relate directly to Plaintiff and the damages issues in this case, but may

2   not provide the documents themselves or any other information from the documents to their client

3   or anyone other than counsel, unless the Parties mutually agree or the Court orders otherwise.

4            14.    The provisions of paragraphs 8-10, above, shall apply to documents

5   designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6            15.    The inadvertent or unintentional disclosure of CONFIDENTIAL or

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY materials will not be construed as a waiver, in

8   whole or in part, of the producing Party's claims that the disclosed materials are

9   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to the terms

10   of this Confidentiality Agreement and Order.

11            16.    The failure of a Party to seek enforcement of this Confidentiality

12   Agreement and Order shall not constitute a waiver.  Any waiver of this Confidentiality

13   Agreement and Order by any Party as to specific CONFIDENTIAL or CONFIDENTIAL –

14   ATTORNEYS' EYES ONLY materials shall not constitute a waiver as to any other

15   CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.

16            17.    This Confidentiality Agreement will be effective from the date on which it

17   is signed by counsel for the Parties.  Upon conclusion of this action, documents containing

18   CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY will

19   be returned to the Party who or which produced it or it shall be destroyed not later than 30 days

20   after a final judgment or dismissal is entered, at the producing Party's option.  All counsel of

21   record will certify, in writing, compliance with this requirement and will deliver the same to

22   counsel for the Party who produced the documents not more than 150 days after the final

23   termination of this litigation.

24            18.    If a Receiving Party is served with a demand, subpoena or other legal

25   process in any other action that seeks discovery material which was produced or designated as

26   "Confidential" by the producing party, the Receiving Party shall give prompt written notice, by

27   hand or facsimile transmission, within five (5) business days of receipt of such demand, subpoena

28

1  or other legal process to the producing party and shall object to its production based on the

2  existence of this Stipulation.

3          19.     This Confidentiality Agreement may be signed in counterpart originals,

4  with each having the same effect as a single original.

5

6  Dated: August 28, 2008                    INITIATIVE LEGAL GROUP LLP

7

8                                            By:_____/s/_____

9                                                Joseph Cho
10                                               Gregory Yu
                                                 Attorneys for Plaintiff
11                                               DAVID WAISBEIN

12  Dated: August 28, 2008                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

13

14                                           By:_____

15                                               M. Kirby C. Wilcox
16                                               Attorneys for Defendant
                                                 UBS FINANCIAL SERVICES INC.
17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV-07-02328 MMC                                STIPULATION AND AGREEMENT RE CONF.
                                      -7-               INFORMATION AND [PROPOSED] ORDER

1

**Exhibit "A"**

2      By signing this document, I hereby certify that I have read the Stipulation and Agreement

3  Regarding Confidential Information ("Confidentiality Agreement") in *Waisbein v. UBS Financial*

4  *Services Inc.*, CV-07-02328 MMC, and hereby agree to abide by its terms and conditions.  I also

5  understand that any violation of the Confidentiality Agreement by me or anyone acting under my

6  direction may subject me penalties for contempt of court.  I hereby consent to the Court's

7  personal jurisdiction over me.

8

9      _____

       SIGNATURE

10

11     _____

12      NAME (PRINTED)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

On the stipulation of the Parties, and good cause appearing therefor, IT IS SO ORDERED.

DATED: August 29 , 2008      By: _____

MAXINE M. CHESNEY
U.S. DISTRICT JUDGE

CASE NO. CV-07-02328 MMC

-9-

STIPULATION AND AGREEMENT RE CONF.
INFORMATION AND [PROPOSED] ORDER